IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 14-cv-03488-LTB-NYW

JACQUELINE RAPHAEL, an individual,

    Plaintiff,

v.

ADVANTAGE PAWN, INC., a Colorado corporation; and
DAVID GOODRICH, an individual,

    Defendants.

_____

ORDER
_____

This matter is before me on a Motion To Dismiss filed by Defendant David Goodrich. [**Doc #20**] Defendant seeks dismissal of the Fourth Claim for Relief asserted in the Complaint filed by Plaintiff Jacqueline Raphael entitled "Sexual Assault - David Goodrich." [Doc #1] Defendant seeks dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), or for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Oral arguments would not materially assist me in my determination. After consideration of the parties' arguments, and for the reason stated, I DENY the motion as follows.

## I. Background

In her Complaint, Plaintiff asserts that during her employment with Defendant Advantage Pawn Inc., she was subjected to Gender Discrimination, Sexual Harassment and Retaliation in violation of under Title VII of the Civil Rights Act of 1964 from her hire on September 30, 2011, until she was constructively discharged on September 5, 2012.

During a portion of that time Plaintiff was assigned to the Advantage Pawn store located on South Parker Road in Denver where Defendant Goodrich was Plaintiff's immediate supervisor. Plaintiff also asserts, in her Fourth Claim for Relief, a claim for "Sexual Assault" against Defendant Goodrich. In that claim Plaintiff alleges that "Defendant Goodrich sexually assaulted Plaintiff" [¶115]; and "[a]s a direct and proximate result thereof Plaintiff suffered humiliation, embarrassment, and damages in an amount to be determined at trial." [¶116]

Defendant Goodrich has filed this motion seeking to dismiss Plaintiff's Fourth Claim for relief against him pursuant to Fed. Rule Fed. R. Civ. P. 12(b)(6) for failure to state a claim and for failure to timely file within the applicable statute of limitations, or pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## II. Fed. R. Civ. P. 12(b)(6)

**A. Failure to State Claim:**

I first address Defendant Goodrich's assertion that Plaintiff's claim for sexual assault against him fails to adequately state a claim upon which relief can be granted.

A claim will survive dismissal under Rule 12(b)(6) if it alleges a plausible claim for relief; that is, the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.,* 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

In her complaint Plaintiff claims that Defendant Goodrich "sexually assaulted" her [¶115] and as a result, she "suffered humiliation, embarrassment, and damages" [¶ 116]  In so doing, she "hereby realleges the paragraphs above and incorporates the same herein." [¶114]  In the factual allegations asserted "above," Plaintiff avers that she was transferred to the Advantage Pawn store in March 2012, where Defendant Goodrich was the store manager. [¶¶20, 21]  After approximately two weeks, Defendant Goodrich "started making sexual comments towards Plaintiff such as telling her how her 'ass looked fat in those jeans,' how 'if [Plaintiff] wasn't one of his employees [he] would hook up with [Plaintiff],' how he 'wanted to fuck the shit out of [Plaintiff]' and so on." [¶23]  Plaintiff further alleges that Defendant Goodrich "made unwanted sexual advancements to Plaintiff and made inappropriate sexually charged remarks to Plaintiff on a daily basis." [¶24, ¶27 (indicating that she did not report his "daily sexual harassment" because she was afraid she would be fired)]  Plaintiff further avers that "[o]n April 4, 2012, Goodrich struck Plaintiff with a dominatrix whip on the butt" in front of another employee at the store. [¶25]  Defendant Goodrich then "sent text messages to Plaintiff telling Plaintiff to not tell anyone about the April 4, 2012 incident."  [¶29]

I agree with Plaintiff that her complaint states a claim upon which relief can be granted.  First, it is clear from the factual assertions that Defendant Goodrich's alleged act of striking Plaintiff "with a dominatrix whip on the butt," in connection with his daily sexual harassment in the form of "unwanted sexual advancement to Plaintiff and . . . inappropriate sexually charged remarks"[¶24, ¶25], sets forth factual allegations that "raise a right to relief above the speculative level." *Bell Atl. v. Twombly*, supra, 550 U.S. at  555.  In so finding, I reject Defendant Goodrich's assertion that Plaintiff's complaint makes no allegations "regarding the specific

context or purpose of the physical contact that allegedly took place" and that she "failed to plead any fact which tends to show that when he allegedly 'struck' her with a riding crop he was motivated at that time by purposes of sexual arousal, gratification or abuse" as required by Colo. Rev. Stat. §18-3-401(4).  Plaintiff's complaint is sufficient to state a claim of sexual assault (or battery) in that a reasonable inference of sexual motivation is more than "plausibly suggested" when the allegations are viewed in the whole and as true.  *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011)(noting that a "[a] claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009); *citing Gee v. Pacheco*, 627 F.3d 1178, 1182-83 (10th Cir. 2010)).

**B. Statute of Limitations**

Defendant Goodrich also asserts that Plaintiff's claim against him should be dismissed as it is time barred. "Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished." *Walden v. Metro. Life Ins. Co. of Am., Inc.*, 75 F. Supp. 3d 1320, 1324-25 (D. Colo. 2014)(quoting *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 Fed. Appx. 411, 413 (10th Cir. 2013)(not selected for publication)).

Defendant Goodrich maintains that the applicable statute of limitations is one year, as set forth in Colo. Rev. Stat 13-80-103(1)(a), which provides that tort actions for assault or battery "shall be commenced within one year after the cause of action accrues, and not thereafter." *See White v. Muniz,* 999 P.2d 814, 816 (Colo. 2000)*; Adams v. Corr. Corp. of Am.*, 187 P.3d 1190,

1198 (Colo. App. 2008)(noting that the elements of battery are similar, except that the contact must have actually resulted).   In contrast, Plaintiff avers that the applicable statute of limitations is, in fact, six years under Colo. Rev. Stat. §13-80-103.7, which provides that "any civil action based on a sexual assault . . . shall be commenced . . . within six years after a cause of action accrues."

As an initial matter, I note that a cause of action can only be dismissed under Rule 12(b)(6) when the dates given in the complaint leave no doubt that the asserted claim has been extinguished or is time-barred.  *See generally* 51 Am. Jur. 2d Limitation of Actions § 387 (indicating that the statute of limitation issue may be resolved on the face of the complaint when the plaintiff "pleads too much and admits definitively that the applicable limitations period has expired").  Furthermore, as discussed above, I have rejected Defendant Goodrich's contention that because Plaintiff has failed to alleged the context or purpose of the physical contact on April 4, 2012 (the whip on Plaintiff's butt) the claim fails to allege "sexual assault."  Because Plaintiff has stated a plausible claim for sexual assault and/or battery, I conclude that Defendant Goodrich is not entitled to dismissal of this claim as time barred under the applicable statute of limitations.

As such, I deny Plaintiff's request for dismissal of Plaintiff's Fourth Claim for Relief asserted against him, under Fed. Rule Civ. P. 12(b)(6), for either failure to state a claim or as time-barred on it face.

### III. Fed. R. Civ. P. 12(b)(2)

Defendant Goodrich also asserts that Plaintiff's claim against him should be dismissed for lack of personal jurisdiction pursuant to Fed. Rule. Civ. P. 12(b)(2).

Plaintiff alleges in her complaint that "on information and belief" Defendant David

Goodrich is a "citizen and resident of the State of Colorado." [¶2]   In this motion, however, Defendant alleges that he is neither a citizen nor a resident of Colorado.  In his attached affidavit, Defendant Goodrich avers that he permanently moved from Colorado to New Mexico in February of 2013, and that he was served the summons and complaint in this matter in Prewitt, New Mexico. [Doc #20-1]  Plaintiff, in response, does not challenge Defendant's assertion that he no longer a citizen or resident of Colorado, but argues that she still has made a *prima facie* showing of personal jurisdiction under Colorado's long arm statute.  At this stage in the litigation, I agree.

A defendant is subject to the jurisdiction of Colorado courts under the "commission of a tortious act" provision of its long arm statute.  *See* Colo. Rev. Stat. §13-1-124(1)(b)(providing that "[e]ngaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado . . . submits such person . . . to the jurisdiction of the courts of this state concerning any cause of action arising from . . . [t]he commission of a tortious act within this state").  Defendant Goodrich does not contest that this section of the Colorado long-arm statute is applicable here, but instead contends that the exercise of personal jurisdiction in this case does not comport with requisite due process considerations of "fair play and substantial justice."

The Colorado long-arm statute is intended to extend the jurisdiction of our courts to the fullest extent permitted by the due process clause of the Fourteenth Amendment. *Le Manufacture Francaise Des Pneumatiques Michelin v. Dist. Court In & for Jefferson Cnty.*, 620 P.2d 1040, 1044 (Colo. 1980).  The due process clause of the Fourteenth Amendment limits state power over a nonresident defendant by prohibiting the assertion of personal jurisdiction unless that defendant has "certain minimum contacts with (the forum state) such that maintenance of the suit

does not offend traditional notions of fair play and substantial justice." *Id.* (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)).

In his reply, Defendant Goodrich argues that it is unreasonable and inconsistent with the notions of fair play and substantial justice to invoke personal jurisdiction via the long arm statute in this case. He argues that he has been a permanent resident of New Mexico since February 2013 and, since then, he has had no consistent contacts with Colorado as the forum state. He notes that he is a foreign individual defendant with limited resources. In addition, the six-year statute of limitations resulted in him not being aware of the allegations until this Complaint was served on him, three years later, which means that he should not reasonably expect to be haled in to a Colorado court in 2015 for an alleged torts committed in 2012. I note that Defendant's assertions were raised in his reply brief and, as such, Plaintiff has not had an opportunity to respond to this argument.

At my discretion I may address a Rule12(b)(2) motion prior to trial based solely on the documentary evidence, or by holding a hearing. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1192 (Colo. 2005). When a court decides the motion on the documentary evidence, the plaintiff need only demonstrate a *prima facie* showing of personal jurisdiction to defeat the motion. *Id.* (citations omitted). A *prima facie* showing exists where the plaintiff raises a reasonable inference that the court has jurisdiction over the defendant. *First Horizon Merch. Servs., Inc. v. Wellspring Capital Mgmt., LLC*, 166 P.3d 166, 173 (Colo. App. 2007)(citations omitted). When a trial court elects to resolve a Rule 12(b)(2) motion by holding an evidentiary hearing, it is the factfinder and is in a position to weigh and resolve any factual disputes pertaining to jurisdiction, and the plaintiff must establish jurisdiction by a preponderance of the

evidence. *Archangel Diamond v. Lukoil, supra*, 123 P.3d at 1192 (citations omitted).

Based on the record before me at this time, Plaintiff has demonstrated a *prima facie* showing of jurisdiction as she has shown a reasonable inference of personal jurisdiction over Defendant Goodrich under the "commission of a tortious act" provisions of Colorado's long arm statute. Colo. Rev. Stat. §13-1-124(1)(b); *see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1077 (10th Cir. 2008)(finding the allegations sufficient for the plaintiff to show that the court maintains jurisdiction over the defendant as a plaintiff need only make a *prima facie* showing of personal jurisdiction at a motion to dismiss). As such, I will deny Defendant's motion seeking dismissal under Rule 12(b)(2) without prejudice at this time. *See Archangel Diamond v. Lukoil, supra*, 123 P.3d at 1192 FN 3 (indicating that although a *prima facie* showing of personal jurisdiction is sufficient to overcome a Rule 12(b)(2) motion, "the plaintiff ultimately bears the burden of demonstrating personal jurisdiction by the close of trial by a preponderance of the evidence if the defendant raises the challenge again").

ACCORDINGLY, I DENY the Motion To Dismiss filed by Defendant David Goodrich [**Doc #20**] as follows:

1) To the extent that the motion seeks dismissal of the Fourth Claim for Relief asserted in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim and for failure to timely file within the applicable statute of limitations, I DENY the motion WITH PREJUDICE; and

2) To the extent that the motion seeks dismissal of the Fourth Claim for Relief asserted in the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction, I DENY the motion WITHOUT PREJUDICE.

Dated: November  12 , 2015 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE